IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MANETIRONY CLERVRAIN, Brandako Inc; and WESNER COMPERE, <br><br>　　　　　　Plaintiffs, <br><br>　vs. <br><br>JEFF FORTENBERRY, DON BACON, ADRIAN SMITH, DON PETERSON, BOB EVNEN, JOHN MURANTE, CHARLIE JENSSEN, TYSON SHEPARD, TAYLOR GAGE, WAYNE BENA, ANDREW CARLSON, CAROL KIRCHNER, BRENDA OWEN, LUKE BARNARD, PAM BOYLE, KAREN KERSTEN, EDWIN MUKUSHA, SHERYL GARTNER, BRIAN SCHLICHTING, KAREN STOA, KEVIN HARFORD, DREW NIELSEN, RYAN SWANSON, CHARLES SWENSETH, DEAN BAQUET, MEREDITH KOPIT LEVIEN, JACQUELINE M. WELCH, MEGHAN LOUTTIT, PHILIP B. CORBETT, LIAN CHANG, MONICA DRAKE, DIANE BRAYTON, PUI-WING TAM, A. G. SULZBERGER, IVA DIXIT, HOLLY HARNISCH, TARA SARATH, FARHAD MANJOO, KEITH MCLEOD, JORDAN JACOBSON, JULIA SIMON, NATALIE BOOTH, KATHLEEN KINGSBURY, MARA GAY, GUY GRIGGS, DAVID RUBIN, MOTOKO RICH, ELLEN BARRY, KATHY RYAN, AUDRA BURCH, MICHAEL BARBARO, TRACIE LEE, | 7:22CV5003 <br><br> **MEMORANDUM AND ORDER** |

SEBASTIAN TOMICH, CLAUDIO CABRERA, ANNA BIALAS, HANNAH YANG, JOHN ELIGON, WILLIAM BARDEEN, JEANIE KAY, PETER RENTZ, DANIEL S. HENDRICKSON, MARDELL A. WILSON, JAN D. MADSEN, EILEEN C. BURKE-SULLIVAN, MARY E. CHASE, MATTHEW C. GERARD, HEIDI W. GRUNKEMEYER, JAMES S. JANSEN, RENE L. PADILLA, TRICIA A. BRUNDO SHARRAR, CATHERINE M. TODERO, SARAH S. WALKER, TANYA A. WINEGARD, MARCUS BLOSSOM, CATHERINE M. BROOKS, ROBERT W. DUNLAY, JOSHUA P. FERSHEE, KEVIN T. FITZGERALD, TRACY A. GADY, ANTHONY R. HENDRICKSON, ED J. HORWITZ, BRIDGET M. KEEGAN, RUSS B. PEARLMAN, DEREK M. SCOTT, JUDI A. SZATKO, JILLIAN A. WALLEN, AMY F. WILSON, DAVID L. BARNUM, JEFFREY J. FELDHAUS, NATALIE OLSEN, ISHMET DAVIDSON, MOBASHEER PATEL, and LURICA JACQUET,

Defendants.

This matter is before the court for case management. Plaintiff Manetirony Clervrain, a non-prisoner, filed a Complaint (Filing 1) on April 4, 2022, which listed as a co-plaintiff Wesner Compere. (Filing 1 at CM/ECF p. 1.) Clervrain is the only Plaintiff who signed the Complaint, filed a Motion for Leave to Proceed In Forma Pauperis ("IFP") (Filing 2), and was given leave to proceed IFP (Filing 7). On May 27, 2022, the court received a request from co-plaintiff Compere to be granted e-filing access in this case, and such access has been granted.

2

Federal Rule of Civil Procedure 11(a) requires that all pro se parties to a case sign every pleading, written motion, and other paper that they submit to the court. Rule 11(a) helps to ensure that pro se parties consent to the filing of documents on their behalf. *See United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539, at *1-2 (D. Neb. Oct. 23, 2007) (discussing *Johnson v. O'Donnell*, No. 01-C-0257-C, 2001 WL 34372892 (W.D. Wis. Aug 24, 2001)). Second, it is improper for a non-lawyer to sign papers in place of, or to otherwise represent, parties other than themselves. *See id.* at *1 (citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1333, at 513 & n.15 (2004)). And finally, the Local Rules provide that "[i]f more than one person brings a civil action for which leave to proceed in forma pauperis is requested, each plaintiff must file an application, affidavit." NECivR 3.3(c).[1]

Plaintiffs are allowed to file joint civil rights complaints in this district if the criteria of permissible joinder under Federal Rule of Civil Procedure 20(a)(1) are satisfied. Because not every plaintiff is likely to be aware of the potential negative consequences of joining pro se group litigation in federal courts, this court will alert Plaintiffs to risks they face in joint pro se litigation:

- They will be required to sign every pleading, written motion, and other paper filed with the court.

---

[1] *See Anderson v. California*, No. 10 CV 2216, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010) ("although only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed *in forma pauperis*, each plaintiff must qualify for IFP status"; while non-attorneys may appear on their own behalf, they have "no authority to appear as an attorney for others than [themselves]"); *Flagg v. Dep't of Child. & Fam. Servs.*, No. 21-1281, 2022 WL 343662, at *1 (D. Kan. Feb. 4, 2022) (same); *Jackson v. Dep't of Hum. Servs.*, No. 19-CV-1429, 2019 WL 5196114, at *1 (D. Minn. Aug. 13, 2019), *report and recommendation adopted,* No. 19-CV-1429, 2019 WL 5191294 (D. Minn. Oct. 15, 2019) (same); *Thomas v. Mattingly*, No. 8:21CV272, 2021 WL 3172023, at *1 (D. Neb. July 27, 2021) (same).

- By presenting to the court a pleading, written motion, or other paper, they will be deemed to certify that it is not being presented for any improper purpose; the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; the factual contentions have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and the denials of factual contentions are warranted on the evidence or are reasonably based on belief or a lack of information. Fed. R. Civ. P. 11(b).
- They will be subject to sanctions under Federal Rule of Civil Procedure 11(c) if such sanctions are found warranted in any aspect of the case.
- In screening the complaint, the court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, the Plaintiffs will be required to prosecute their claims in a separate action and pay a separate filing fee for each new action if they are not given leave to proceed in forma pauperis.

Therefore, the court will offer Plaintiff Wesner Compere[2] an opportunity to withdraw from this litigation before the case progresses further. If Compere wishes to proceed further in this matter, Plaintiff Compere will be given leave to file a motion to proceed in forma pauperis. If such motion is granted, the court will then conduct an initial review of the Complaint under 28 U.S.C. § 1915(e)(2).

IT IS ORDERED:

1. The clerk of the court is directed to send one Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit") to Plaintiff Wesner Compere.

---

[2] The court designates Plaintiff Manetirony Clervrain, who delivered the Complaint to the court and whose name is listed first on the pleading, as the "lead plaintiff" for purposes of this Order because the pleadings filed to date indicate that he has taken the initiative to bring this action.

2. Within 30 days of the date of entry of this Order, Plaintiff Compere shall: (a) advise the court whether Compere wishes to continue as a Plaintiff in this group action; and (b) submit a separate Application to Proceed Without Prepayment of Fees and Affidavit. Failure to do so will result in dismissal of Plaintiff Compere from this matter without further notice.

3. Plaintiffs are WARNED that future group motions or pleadings that do not comply with the group pleading requirements discussed herein shall be stricken pursuant to Federal Rule of Civil Procedure 11(a).

4. Plaintiffs are further ADVISED that each of them is under a continuing obligation to keep the court informed of any change in his or her address.

5. If non-lead Plaintiff Compere is granted leave to proceed IFP, the court will then conduct an initial review of the Complaint under 28 U.S.C. § 1915(e)(2).

6. The clerk of the court is directed to set a pro se case management deadline in this matter using the following text: **June 27, 2022** – check for response from non-lead Plaintiff Compere.

Dated this 27th day of May, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge