IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MANETIRONY CLERVRAIN, Brandako Inc; and WESNER COMPERE, <br><br> Plaintiffs, <br><br> vs. <br><br> JEFF FORTENBERRY, et al., <br><br> Defendants. | 7:22CV5003 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the court on initial review of a pro se Complaint. On May 27, 2022, the court ordered Plaintiff Wesner Compere to (a) advise the court whether Compere wishes to continue as a Plaintiff in this group action; and (b) submit a separate Application to Proceed Without Prepayment of Fees and Affidavit within 30 days. (Filing 8 at CM/ECF p. 5.) Plaintiff Compere was warned that "[f]ailure to do so will result in dismissal of Plaintiff Compere from this matter without further notice." (*Id.*) Plaintiff Compere failed to file the required information or otherwise advise the court regarding its status. Accordingly, Plaintiff Compere will be dismissed from this matter.

Plaintiff Manetirony Clervrain, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 7.) The court now conducts an initial review of Plaintiff Clervrain's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.  **SUMMARY OF COMPLAINT**

Plaintiff Clervrain's Complaint (Filing 1) is unintelligible. In his Complaint, Plaintiff lists strings of real (i.e., the Federal Tort Claims Act) and unreal (i.e., the

Ant Library Act) statutory provisions and acts; fails to include any coherent statement of facts from which a plausible claim for relief can be recognized; and neglects to describe the approximately 100 Defendants, their places of residence, their actions or inaction, and how they constitutionally or statutorily harmed Plaintiff.

As noted in *Clervrain v. Marin*, No. 20-CV-925, 2020 WL 5408581, at *2 (S.D. Cal. Sept. 9, 2020), Plaintiff "appears to have filed the same incomprehensible pleading naming random current and former governmental officials in many courts across the country." *Id*. (citing cases; noting that "while Clervrain's cases name different defendants, they are all essentially "jabberwocky"). Indeed, it is impossible "to determine what causes of action are being alleged against the named Defendant or what relief is being sought." *Id*. at 3. *See also Clervrain v. Raimondo*, No. 22-124, 2022 WL 1157475 at *1 n.1 (D.R.I. Apr. 19, 2022) ("PACER reflects that Plaintiff has brought 193 cases in federal courts across the country.).

## II.   DISCUSSION

A case will be dismissed when a movant proceeding in forma pauperis files a complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Zessin v. Nebraska Health & Human Servs.*, No. 8:07CV247, 2007 WL 2406967, at *2 (D. Neb. Aug. 20, 2007) ("The moment the complaint is filed, it is subject to review under § 1915(e)(2). If the complaint falls within the requirements of § 1915(e)(2) when filed, it must be dismissed." (internal quotation marks and citation omitted)). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims alleged. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Here, there are two reasons for dismissing this action: (1) Plaintiff's Complaint violates Federal Rule of Civil Procedure 8; and (2) Plaintiff's allegations are frivolous. First, Plaintiff's Complaint fails to meet the minimal pleading standard

in Federal Rule of Civil Procedure 8, which requires that every complaint contain "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Further, "[e]ach allegation" is to be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As discussed above, Plaintiff's Complaint complies with none of these requirements.

Second, Plaintiff's allegations are completely unintelligible and without a factual or legal basis; therefore, the Complaint may be dismissed as frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992) (court may dismiss complaint of plaintiff proceeding in forma pauperis as frivolous and may disregard clearly baseless, fanciful, fantastic, or delusional factual allegations); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint is frivolous when it lacks an arguable basis in either law or fact" (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Plaintiff will not be granted leave to amend his Complaint because any such amendment would be futile. *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss); *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) ("frivolous claims are futile").

Accordingly,

IT IS ORDERED:

1. Plaintiff's Motions found at Filing 3 and Filing 4 are denied as moot;

2. This case is dismissed without prejudice as frivolous; and

3.  Judgment will be entered by separate document.

DATED this 19th day of July, 2022.

>BY THE COURT:
>
>*Richard G. Kopf*
>
>Richard G. Kopf
>Senior United States District Judge